LAW OFFICES OF JACQUES G. BRONZE
*A Professional Corporation*
Unit A, 151 W Harmon Industrial Park Rd
Tamuning, Guam 96913
Telephone: (671) 649-2392
FACSIMILE: (671) 649-2394

*Attorneys for Secured Creditor*

# UNITED STATES BANKRUPTCY COURT
# DISTRICT COURT OF GUAM

| | |
|---|---|
| IN RE: | ) Case No. 09-00068 |
| | ) |
| UFB GUAM HOTEL CORP., | ) Chapter 11 (Involuntary) |
| | ) |
| Alleged Debtor. | ) **JOINDER TO UFB'S OPPOSITION** |
| | ) **AND MARIANAS PROPERTIES, LLC'S** |
| | ) **OBJECTION TO VSST CO. LTD.'S** |
| | ) **MOTION TO CONTINUE HEARING** |

The arguments raised by UFB and Marriott in their Reply are not "new theories." Bankruptcy Rule 9011 requires VSST to make an "inquiry" in to the substance of the documents forming the basis of VSST's claim against UFB. A review of the first page of the Energy Services and Installation Agreement would clearly place VSST on notice that the contract was with Bridge Solution Group (Guam) LLC, a Guam LLC, rather than VSST, a Korean corporation. None of the opposing parties have seen an executed assignment agreed to by UFB of this Energy Services Agreement. Failure of VSST to conduct this basic "inquiry" does not render such abysmal failure to review its own supporting documents as a new theory.

Moreover, VSST and other petitioning creditors spent countless pages in their Oppositions, to the point of even claiming that they had to violate the automatic stay in order that they can preserve their rights as a lien claimant. Now that the very basis of

JOINDER TO UFB'S OPPOSITION AND MPL'S OBJECTION TO VSST'S MOTION TO CONTINUE HEARING
In re UFB GUAM HOTEL CORP.; Case No. 09-00068

Page 2 of 2

VSST's claim has been turned against it, it is claiming it is a new theory and needs more time to respond and that UFB is engaging in litigation by ambush. Unfortunately, a cursory review of the definition section of the Bankruptcy Code would have defined the term "lien" for VSST and a few hours on Westlaw would certainly result in the conclusion that caselaw exists holding that a mechanics lien claimant has been held to be a secured creditor for purposes of § 303. Thus, UFB'S reply as to this issue addressed petitioning creditors claim that they had to file this involuntary petition to preserve their lien status. *See*, argument IV on p. 7 of VSST's Opposition.

Based on the above, Marianas Properties, LLC, the senior secured creditor of Debtor objects to this proposed continuance as it is only a ploy to buy time.

Respectfully submitted this ___8th___ day of July , 2009.

                                        **LAW OFFICES OF JACQUES G. BRONZE**
                                        *A Professional Corporation*

By: _____
                                JACQUES G. BRONZE